CASE No. 1071.

KEITT v. COUNTS.

1. A finding of fact, concurred in by master and Circuit judge, sustained, it not being clearly against the weight of evidence.
2. Defendants purchased from plaintiff, partly on credit, a chattel, the title to which was to remain in plaintiff until it was paid for. *Held,* that plaintiff was entitled to recover its possession after default of the payment required by the contract.
3. The complaint in this case having stated the contract, the payments and the balance due, and the title to the property having been adjudged to be in plaintiff, the defendant cannot object that the judgment ordered a sale instead of a delivery. In such case, however, the debt and interest should be paid out of the proceeds of sale, but nothing additional as damages for the detention.

Before WALLACE, J., Newberry, May, 1880.

Action commenced August 12th, 1873, by E. S. Keitt against G. B. Counts and E. B. Suber, for the recovery of a steam engine and carriage. The complaint alleged that the defendants purchased this property May 24th, 1870, for $600, of which $200 was cash, and balance, with interest, was payable January 1st, 1871, upon which was paid $100 April 15th, 1871; it also alleged that the title to the property was to remain in the plaintiff until it was paid for; that it was unjustly detained, to plaintiff's damage, &c. The joint answer of defendants admitted the purchase, the amount of the note and credit, but denied that it was to be the property of plaintiff until paid for.

All issues of law and fact in the case were referred to the master; whether by consent or otherwise, does not appear. The report of the master found the facts to be as stated in the complaint, and, as conclusions of law, that the plaintiff was entitled to the possession of the property and $100 damages, besides costs, &c. Defendants filed exceptions, which were overruled by the decree of the Circuit judge, stated in the opinion.

Defendants appealed upon grounds which are substantially stated in the opinion.

*Mr. T. S. Moorman,* for appellants.

*Mr. L. J. Jones,* contra.

August 31st, 1881.   The opinion of the court was delivered by

SIMPSON, C. J.   This action was brought to recover possession of personal property—a cert ain steam engine and carriage—bought by defendants from plai ntiff, the purchase being partly for cash and partly on credit.   The issue between the parties was whether title to the property had been reserved to the plaintiff until payment of the credit portion of the purchase money. The case, embracing the issues both of law and fact, was referred to the master, who found the question of fact for the plaintiff, and also $100 damages for the detention of the property.   As conclusions of law he found :

" 1.  That the title to the engine and carriage is in the plaintiff.

" 2.  That the plaintiff is entitled to the immediate possession of said property.

" 3.  That the plaintiff should recover against the defendants for the damages sustained by him by reason of the unlawful detention of the said property by the defendants the sum of one hundred dollars, besides his costs and disbursements in this action."

To the report of the master there were several exceptions by defendants, all of w hich were overruled by the Circuit judge, who ordered and adjudged " that the findings of fact and conclusions of law of the master be confirmed and be made the judgment of the court."   He further ordered that the property be delivered up by the defendants, as the property of the plaintiff, to Silas Johnstone, master, and that said master do sell the same, after fifteen days' notice, for one-half cash and the balance on a credit of twelve months, the net proceeds to be applied first to costs and then to the debt and interest, as set forth in the complaint as due and owing by defendants to the plaintiff, the balance, if any, to be paid to the defendants.

From this judgment the defendants have appealed to this court, objecting to the conclusions of law, that the plaintiff is entitled to the immediate possession of the property in question, and to $100 damages for its detention, and also to the order of sale—the defendants contending, as to the latter, that this was converting the action from an action at law for the recovery of personal property into an action in equity for the foreclosure of a mortgage, while this was not the prayer of the complaint, and the defendant had no opportunity to make defence against the debt claimed.

As to the first question—the question of title—that depends upon a question of fact, to wit, whether there was an understanding and agreement between the parties at the purchase by defendants that the title should remain in the plaintiff until the purchase money was fully paid. The master heard testimony on this question and decided that such agreement was made. The Circuit judge concurred in this finding of fact, and under repeated decisions this is conclusive, unless this finding is patently and clearly against the weight of evidence, which we do not find to be the case here. This agreement then being established, the conclusion objected to followed as a necessary consequence, and must be sustained.

The objection made by appellants to the order of sale, in the opinion of this court, is also untenable, especially coming from the defendants in the action. The plaintiff might have demanded a judgment for the recovery of this property and the damages found in his favor, leaving the defendants to such course as they might see proper to adopt to obtain relief on account of the payments which they had made on the purchase; but the plaintiff seems willing to forego his rights in this respect and to allow the property to be sold, and while the parties are all before the court, that justice may be done according to the equities established between them. We cannot see the force of defendants' objection. They claim that they had no opportunity of resisting the debt. The amount claimed by the plaintiff was set out in the complaint, the contract of purchase, the amount paid in cash, the subsequent payment and the credit portion were all alleged and were material averments, and we cannot see but that the defendants had

full opportunity to make any questions they might have desired on this subject. Having failed to do so, the court was warranted in assuming that the facts averred in the complaint were true, and that the amount therein stated was due by defendants. The order of sale was in fact an order for the benefit of defendants.

We do not clearly understand whether it was the intention of the Circuit judge, that in addition to the debt and interest which he directed to be paid out of the proceeds of the sale ordered, that plaintiff should also have judgment for the $100 damages found for the detention of the property. No part of the proceeds of sale is directed to be applied to this damage. And if that amount is to be recovered at all, it must be enforced by execution.

This amount of $100 was allowed upon the theory that the judgment would be for the recovery of the specific property. Since that theory has been departed from with the view to adjust the equities between the parties, and the plaintiff has been adjudged his debt and interest to be paid out of the proceeds of the sale, we do not think he should recover, in addition to this, the damages also. The interest upon the amount due is generally sufficient to cover damages, and this he has been allowed.

It is the judgment of this court that the judgment of the Circuit Court be affirmed as to the order of sale and the application of the proceeds thereof; but that so much as allows the plaintiff $100 damages in addition to the interest on the debt be reversed.

McIVER and McGOWAN, A. J.'s, concurred.